E-FILED
Wednesday, 12 December, 2007  03:22:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Stanley Michael Schweitzer,        )
              Plaintiff        )
                         )
    v.                                        )        Case No. 07-1145
                         )
William Greenig,                         )
              Defendant    )

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Summary Judgment (#12) and a request for attorney fees that was raised in the earlier granted motion to compel. For the following reasons, both the motion and the request are GRANTED.

## BACKGROUND

This lawsuit was filed on June 7, 2007. The two count complaint is based on a series of loans made by Plaintiff to Defendant. The first count is based on a loan agreement dated February 13, 1999, as to which it is alleged that $156,925.79 plus contractual interest is due and owing but unpaid. The second Count is based on other loans made on July 11, 2002, June 23, 2003 and February 27, 2006, as to which there is now due and owing but unpaid $121,687.31 plus statutory interest. Defendant, represented by counsel, filed his answer on June 27, 2007, denying the allegations of the amounts due and owing and denying a failure to pay after demands.

A scheduling conference was held on July 30, 2007. Appearing at that conference was counsel for Plaintiff and counsel for Defendant. The scheduling order set the following deadlines: completion of all discovery by January 31, 2008; filing of dispositive motions by February 29, 2008; final pretrial conference on June 5, 2008; and bench trial on June

30, 2008.  On August 15, 2007, the parties executed and submitted a consent to jurisdiction by a magistrate judge, and this case was assigned to me, and the dates of the final pretrial conference and bench trial were moved to my calendar.

On October 16, 2007, Plaintiff filed a motion to compel discovery responses.  That motion was granted on November 9, 2007, and Defendant was given 14 days to serve responses to all outstanding discovery.  Ruling on the related motion for attorney fees was deferred.  Plaintiff's counsel was directed to file an affidavit of fees, which he did on November 16.  Defendant was given 14 days to respond to that affidavit; no response has been filed.

Also on November 9, 2007, Plaintiff filed a Motion for Summary Judgment as to Count I.  Defendant's response to that motion was due November 24;  no response has been filed as of this date.

Plaintiff has now filed a Motion for Sanctions, asserting that Defendant has failed to comply with the Court's order regarding discovery.  Plaintiff's counsel has written to defense counsel, but no response has been made and he has unsuccessfully attempted to reach Defendant's counsel by telephone.  Plaintiff states that he is unable to prepare his case as to Count II without the discovery responses.  As a sanction, Plaintiff proposes finding Defendant in default as to Count II and enter default judgment in the amount alleged in the complaint.

## JURISDICTION

Plaintiff Stanley Michael Schweitzer is a resident of the United Kingdom.  Defendant William L. Greenig resides in Hancock County Illinois.  The amount in controversy exceeds

$75,000.  This Court therefore has diversity jurisdiction over the subject matter of this dispute.  28 U.S.C. 1332(a)(2).

## MOTION FOR SUMMARY JUDGMENT

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995).

Where a party fails to respond to a motion for summary judgment by a clearly stated deadline, the Court may properly exercise its discretion and rule on the merits of the unopposed motion. Easley v. Kirmsee, 382 F.3d 693, 699 (7th Cir. 2004).  The Local Rules of this Court clearly state the parties' obligations with respect to summary judgment motions.  See Local Rule CDIL 7.1(D).  A written response is required within 21 days after service of the motion, or "the Court may presume there is no opposition and may rule on the motion without further notice to the parties."  Id.  No response was  filed by that deadline, and none has been filed since.  Accordingly, I presume there is no opposition and rule without further notice to the Defendant.

The undisputed facts are that Plaintiff loaned Defendant money pursuant to a Loan Agreement that is part of the record and that was signed by Defendant.  Interest on the loan accrued at 7.5% per annum, compounded annually.  All principal and interest was due on December 11, 2001.  Defendant made a single $10,000 payment;  no other payments

have been made, despite demands made by Plaintiff. Plaintiff, as the holder of the Loan Agreement, is entitled to enforcement of that instrument, pursuant to the provisions of 810 ILCS § 5/3/308(b). See, <u>Orthodontics Centers of Illinois v. Michaels</u>, 461 F.Supp. 2d 655, 658-69 (N.D.Ill. 2006). The Motion for Summary Judgment as to Count I is therefore GRANTED.

Plaintiff asks for entry of judgment as to Count I pursuant to Fed.R.Civ.P. 54(b). The allegations of Count I are entirely separate from those of Count II, arising from separate transactions on different dates. Count I is based on the Loan Agreement; Count II is a statutory cause of action. There are neither legal nor factual issues in common. There is little likelihood that this Court's decision on Count II would affect in any way Plaintiff's rights under Count I, nor does it appear that there is any overlap that might require multiple review of identical issues. No affirmative defenses or counterclaims were raised in the Defendant's answer. Finally, it appears that there is a legitimate concern regarding Defendant's solvency, a risk that will be exacerbated should entry of judgment be delayed.

Accordingly, I see no just reason to delay entry of judgment as to Count I. The Clerk is therefore directed to enter Judgment in favor of Plaintiff and against Defendant as to Count I only; Count II remains pending at this time.

## ATTORNEY FEES

Plaintiff's motion for attorney fees, deferred earlier, is hereby granted. Defendant has not responded to Plaintiff's Affidavit, as previously ordered. I have reviewed that Affidavit and find it to be an eminently reasonable statement of the fees incurred as a result of Defendant's disregard for his discovery obligations in this case.

Accordingly, it is Ordered that Defendant shall pay to Plaintiff's counsel the amount of $615.00.

## CONCLUSION

The Motion for Summary Judgment as to Count I is GRANTED; the Clerk is directed to enter judgment in favor of the Plaintiff in the amount of $154.041.02 plus per diem interest accruing at the rate of $30.58 after December 11, 2007.  In addition, attorney fees are awarded to Plaintiff in the amount of $615.00.

ENTER this 12th day of December 2007.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE